UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | |
|---|---|
| Case No. 8:22-cv-00371-JWH | Date December 26, 2023 |
| Title *In re Debtor Dana Kim Shelton* | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER DISMISSING APPEAL**

Appellant Daniel Keith Larson appeals the orders of the Bankruptcy Court (1) granting the motion of Richard A. Marshack, Chapter 7 Trustee (the "Trustee") for sanctions against Larson, entered on February 23, 2022; and (2) granting the Trustee's motion for approval of cash disbursements, entered on February 22, 2022.[1]  The Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Bankr. P. 8019(b)(3); L.R. 7-15.  For the reasons set forth below, this Court **DISMISSES** Larson's appeal.

## I.  LEGAL STANDARD

This Court examines the Bankruptcy Court's conclusions of law *de novo* and its factual findings for clear error.  *See In re BCE W., L.P.*, 319 F.3d 1166, 1170 (9th Cir. 2003); *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1142 (9th Cir. 2002).  The Bankruptcy Court's decision to impose civil contempt sanctions for a violation of the discharge injunction is reviewed for an abuse of discretion.  *See Nash v. Clark*

---

[1]  *See* Corrected Notice of App. (the "Notice") [ECF No. 6].

*Cty. Dist. Attorney's Office (In re Nash)*, 464 B.R. 874, 878 (B.A.P. 9th Cir. 2012). Under the abuse-of-discretion standard, the first step for this Court is to determine *de novo* whether the Bankruptcy Court applied the correct legal rule. *See United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (*en banc*). The failure to apply the correct legal rule constitutes an abuse of discretion. *See Mujica v. AirScan, Inc.*, 771 F.3d 580, 589 (9th Cir. 2014). If the Bankruptcy Court applied the correct legal rule, then the second step is to determine whether the Bankruptcy Court's application of the law to the facts was: "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the record.'" *Id.* (quoting *Hinkson*, 585 F.3d at 1262).

## II. ANALYSIS

In filing this appeal, Larson failed to comply with the Federal Rules of Bankruptcy Procedure. Notably, Larson was required to file and serve a designation of record and statement of the issues within 14 days of filing his notice of appeal.[2] Fed. R. Bankr. P. 8009(a)(1)(B). The record should have included:

- docket entries kept by the bankruptcy clerk;
- ***items designated by the parties***;
- the notice of appeal;
- the judgment, order, or decree being appealed;
- any order granting leave to appeal;
- any certification required for a direct appeal to the court of appeals;
- any opinion, findings of fact, and conclusions of law relating to the issues on appeal, ***including transcripts of all oral rulings***;
- any transcript ordered under subdivision (b);
- any statement required by subdivision (c); and
- any additional items from the record that the court where the appeal is pending orders.

Fed. R. Bankr. P. 8009(a)(4) (emphasis added); *see also In re Clinton*, 449 B.R. 79, 82 (B.A.P. 9th Cir. 2011). Most crucially, Larson was required to "order in writing from the reporter . . . a transcript of such parts of the proceedings . . . as the

---

[2] *See* Appellee's Opening Brief [ECF No. 19].

[Appellant] considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk," or take advantage of the alternatives provided under Rule 8009(b)–(d). Fed. R. Bankr. P. 8009. "When findings of fact and conclusions of law are made orally on the record, a transcript of those findings is mandatory for appellate review." *Clinton*, 449 B.R. at 83 (citation omitted). Otherwise, "[t]here is no other way for an appellate court to be able to fathom the trial court's action." *In re McCarthy*, 230 B.R. 414, 417 (9th Cir. BAP 1999) (citing Rule 8006, which requires that the record on appeal include, among other items, findings of fact and conclusions of law of the court). "Pro se litigants are not excused from complying with these rules." *Clinton*, 449 B.R. at 83.

Here, the Court finds that Larsen has not provided a complete record for review, including a rule-compliant designation of the record and corresponding transcripts containing the relevant rulings below. Although Larson filed a document entitled "Designation of record" dated March 20, 2022,[3] Larson did not designate any items to be included in the record in that filing, nor did he provide a transcript of the matters that are the subject of this appeal.[4] Because the Bankruptcy Court made its findings and conclusions on the record and incorporated those findings in its written orders,[5] the Court cannot conduct an informed, substantive review of Larsen's appeal without the underlying transcripts. *See In re Hale*, 2021 WL 3829307, at *1 (B.A.P. 9th Cir. Aug. 23, 2021). Accordingly, the Court **DISMISSES** this appeal for failure to provide an adequate record.

## III.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Larsen's Appeal is **DISMISSED without prejudice**.

---

[3] Designation of Record (the "Notice") [ECF No. 7].

[4] *See generally id.*

[5] Appellee's Excerpts of Record (the "ER") [ECF No. 19-1], Order on Trustee's Motion for Approval of Cash Disbursements 72; Order Granting Motion by Trustee for Sanctions Against Daniel K. Larson 174-175.

      2.      The Clerk is **DIRECTED** to close this case administratively, but Larsen may seek to reopen the case and reinstate the appeal upon the submission of a complete record.

      3.      If Larsen has not submitted a complete record in support of the appeal by January 12, 2024, then the Court will **DISMISS** Larsen's appeal **with prejudice**.

      **IT IS SO ORDERED.**